**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ADAM DZAFIC,

      Plaintiff,

v.                                                        Case No.: 8:08-cv-0026-T-24-EAJ

GEOVERA SPECIALTY INSURANCE
COMPANY,

      Defendant.
_____/

## ORDER

This cause comes before the Court on Plaintiff Adam Dzafic's Motion to Strike Affirmative Defenses (Doc. No. 9). Defendant Geovera Specialty Insurance Company opposes the motion (Doc. No. 12).

**I.    Background**

Plaintiff brought this action seeking payment under a property insurance policy. The Complaint (Doc. No. 2) alleges that Plaintiff suffered a covered loss related to a sinkhole on his property and that Defendant has wrongfully denied his claim for payment under the policy. Defendant filed an Answer to the Complaint and asserted nine affirmative defenses (Doc. No. 7). Plaintiff now moves to strike those defenses on the grounds that they are legally insufficient and that the defenses as pled violate the applicable standards of pleading as set forth in Rules 8 and 9 of the Federal Rules of Civil Procedure.

**II.    Standard of Review**

Rule 12(f) of the Federal Rules of Civil Procedure permits a Court to order that "any redundant, immaterial, impertinent, or scandalous matter" be stricken from a pleading.

However, "[a] motion to strike will 'usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.'" Scelta v. Delicatessen Support Services, Inc., 57 F. Supp.2d 1327, 1347 (M.D. Fla. 1999)(quoting Seibel v. Society Lease, Inc., 969 F. Supp. 713, 715 (M.D. Fla. 1997)). Affirmative defenses are stricken only when they are insufficient as a matter of law. *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002)(citing *Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976)). A defense is insufficient as a matter of law only if, on the face of the pleadings, it is patently frivolous or if it is clearly invalid as a matter of law. *Id.*

Affirmative defenses are subject to the general pleading requirements of the Federal Rules of Civil Procedure. *Id.* Rule 8 establishes the basic requirements for pleadings in all federal civil actions. Specifically, Rule 8(a) requires a "short and plain statement" of a claim or defense and Rule 8(d)(1) requires that "each allegation must be simple, concise, and direct." In addition, certain claims and defenses are subject to a heightened standard of pleading which, as set out in Rule 9, requires that certain allegations be made with particularity or specificity.

**III.    Discussion**

Defendant's first affirmative defense purports to assert "all terms and defenses available pursuant to Florida Statutes 627.021, 627.707, 627.7027, 627.7037 (2005) including the legislative histories of each."[1] This defense does not meet the pleading standard set forth in Rule

---

[1] Defendant's Answer and Affirmative Defenses (Doc. No. 7) apparently contained a scrivener's error regarding the particular statutory sections to which Defendant was referring. Defendant has moved for leave to amend to correct this error (Doc. No. 21). Plaintiff has opposed this motion, asserting that amendment would be moot, as the defense is still legally insufficient (Doc. No. 24).

8 . Simply referencing a string of statutory provisions, including one which merely serves to define the scope of a statutory section, *see* Fla. Stat. § 627.021, does not provide sufficient notice of the factual or legal defenses that Defendant intends to assert. Further, this is not a proper affirmative defense. Therefore, Defendant's first affirmative defense must be stricken.

Defendant's second affirmative defense attempts to invoke "all terms and defenses available under the subject policy." This defense is also stricken for failure to meet the pleading standard of Rule 8. Considering the type of policy at issue in this case, and the fact that such policy is undoubtedly very lengthy, generally referencing the entire policy does not give Plaintiff any notice of the particular terms or defenses on which Defendant intends to rely.

Defendant's third affirmative defense seeks to bar Plaintiff's claim due to "Plaintiff's failure to meet all conditions precedent." This defense is stricken for failure to comply with Rule 9(c) which states, in pertinent part, that "when denying that a condition precedent has occurred or been performed, a party must do so with particularity."

Defendant's fourth affirmative defense claims that Plaintiff failed to mitigate his damages. Despite the fact that Defendant has not alleged any facts in support of this defense, it will not be stricken at this time. Other courts which have considered this issue have found that a bare-bones statement of the intent to rely on the defense is sufficient in cases where, at the time of pleading, the parties have conducted little or no discovery. *E.g., Bd. of Trs. of San Diego Elec. Pension Trust v. Bigley Elec., Inc.*, 2007 WL 2070355 at *3 (S.D. Cal. 2007)(surveying courts which have addressed the standard for pleading failure to mitigate damages). In addition, in light of Defendant's recently filed Motion for Enlargement of Time to File a Dispositive Motion Regarding Plaintiff's Failure to Mitigate His Damages (Doc. No. 29), discovery has

clearly been conducted on this issue and Plaintiff has subsequently been provided adequate notice of the substance of the defense.  Therefore, it will not be stricken.

Defendant's fifth affirmative defense asserts the standard defense of accord and satisfaction.  However, Defendant has set forth absolutely no facts in support of this defense, nor has Defendant alleged the requisite elements of accord and satisfaction.  Accordingly, Defendant's fifth affirmative defense is stricken.

Defendant's sixth and seventh affirmative defenses assert Defendant's reliance on the opinions of a professional engineering firm and claim that Plaintiff's claim is barred based upon the conclusions of that firm.  Upon review, the Court finds that while these defenses may not be enumerated affirmative defenses, they do present claims logically relevant to the cause of action, and Plaintiff will not be prejudiced by allowing them to remain.

Defendant's eighth affirmative defense claims that "Plaintiff's claim is barred due to fraud and concealment under the terms of the subject policy."  Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Clearly, Defendant has failed to comply with this rule and, therefore, the eighth affirmative defense is stricken.

In Defendant's ninth affirmative defense, Defendant "reserves the right to amend" its affirmative defenses.  Defendant must seek leave of Court by way of a motion in order to amend its affirmative defenses.  Therefore, this defense is also stricken.

**IV.     Conclusion**

Accordingly, it is ORDERED AND ADJUDGED as follows:

(1) Plaintiff's Motion to Strike Affirmative Defenses (Doc. No. 9) is GRANTED IN PART and DENIED IN PART. Plaintiff's motion is granted to the extent that Defendant's first, second, third, fifth, eighth, and ninth affirmative defenses are stricken.

(2) Defendant may file amended affirmative defenses on or before August 14, 2008. Defendant's leave to amend is limited to supporting its second, third, fifth, and eighth affirmative defenses with additional allegations in order to satisfy the applicable pleading requirements. Because Defendant's first and ninth affirmative defenses are not proper affirmative defenses, they are stricken without leave to amend.

(3) Because Defendant's first affirmative defense has been stricken, Defendant's Motion to Amend/Correct Answer to Complaint to Correct Scrivener's Error (Doc. No. 21) is DENIED AS MOOT.

**DONE AND ORDERED** at Tampa, Florida, this 31st day of July, 2008.

*/s/ Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record