UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ADAM DZAFIC,

    Plaintiff,

v.                                  Case No.  8:08-cv-0026-T-24 EAJ

GEOVERA SPECIALTY INSURANCE
COMPANY,

    Defendant.
_____/

## ORDER

This cause comes before the Court on Defendant Geovera Specialty Insurance Company's Motion to Bifurcate (Doc. No. 26).  Defendant seeks an order bifurcating the issues of coverage and damages in this case.  Plaintiff Adam Dzafic opposes the motion (Doc. No. 31).

**I.  Background**

Plaintiff brought this action seeking payment under a property insurance policy (Doc. No. 2).  Plaintiff alleges that he has suffered a covered loss related to a sinkhole on his property and that Defendant has wrongfully denied his claim.  Defendant denies these allegations and has raised various affirmative defenses (Doc. No. 45).

Pursuant to the Case Management and Scheduling Order (Doc. No. 5), this case is set for jury trial on the Court's December 2008 trial calendar.  Discovery in this case was closed on July 1, 2008 and dispositive motions were due by August 1, 2008.  The instant motion seeking bifurcation was filed on July 29, 2008.

## II.    Standard of Review

Federal Rule of Procedure 42(b) provides that "for convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Rule 42(b) "confers broad discretion on the district court" and permits bifurcation under many circumstances, even merely in furtherance of convenience. *Medtronic Xomed, Inc. v. Gyrus ENT LLC*, 440 F. Supp. 2d 1333, 1335 (M.D. Fla. 2006)(quoting *Harrington v. Cleburn County Bd. of Educ.*, 251 F.3d 935, 938 (11th Cir. 2001)).

## III.    Discussion

Defendant seeks to have the issues in this case bifurcated and separate trials conducted as to the issues of coverage and damages. Defendant argues that "[i]f there is no coverage in this case, then damages are a moot point" and that, as a result, separate trials will make it easier for a jury to understand the issues and will further the interests of judicial economy. In response, Plaintiff contends that in cases involving sinkhole claims the issues of liability and damages are "so intertwined that it would be prejudicial to the plaintiff to bifurcate the issues."

Upon review, Defendant has failed to demonstrate that the particular facts and circumstances of this case justify bifurcation. A civil case by its very nature almost always involves the dual issues of liability and damages. Following Defendant's argument to its logical conclusion, every civil trial should therefore be conducted in two phases to avoid confusing the jury. Clearly, this is an untenable proposition. Defendant has failed to set forth any specific reason why the Court should exercise its discretion to bifurcate the trial of this relatively-straightforward insurance dispute.

**IV.     Conclusion**

Accordingly, it is ORDERED and ADJUDGED that Defendant's Motion to Bifurcate (Doc. No. 26) is DENIED.

**DONE AND ORDERED** in Tampa, Florida, this 15th day of August, 2008.

Copies to:

Counsel of Record

SUSAN C. BUCKLEW
United States District Judge